# IN THE UNITED STATES DISTRICT COURT
## FOR THE NORTHERN DISTRICT OF IOWA
## WESTERN DIVISION

| | |
|---|---|
| SIOUXLAND COMMUNITY BLOOD BANK, <br><br> Plaintiff, <br><br> vs. <br><br> HOLCOMB FREIGHTLINER, INC., and CUMMINS ENGINE COMPANY, INC., <br><br> Defendants. | No. C11-4010-MWB <br><br> **MEMORANDUM OPINION AND ORDER REGARDING PLAINTIFF'S MOTION TO REMAND** |

_____

This action was originally filed in state court. It was removed to this court alleging diversity jurisdiction. The plaintiff has moved to remand it back to state court — asserting the Petition seeks less than $75,000 in damages — the minimum required for federal jurisdiction. If the plaintiff is correct, this case must be remanded.

## *I. INTRODUCTION AND BACKGROUND*

On December 20, 2010, plaintiff Siouxland Community Blood Bank ("SCBB") filed a Petition and Jury Demand in the Iowa District Court for Woodbury County, Iowa, against defendants Holcomb Freightliner, Inc. ("Holcomb"), and Cummins Engine Company, Inc. ("Cummins"). The subject of this dispute involves a 1999 "Bluebird" bus ("bus"), purchased by SCBB in approximately 1999. This lawsuit arises from a product recall by Cummins for the bus. The recall involved certain Cummins's parts on the bus, including upper and lower alternator braces/brackets.

It is alleged that Cummins designs, manufactures, sells, and distributes vehicular engines and components, including upper and lower alternator braces/brackets. It is also

alleged that Cummins's engines and engine parts are sold in Iowa. SCBB alleges that Cummins authorizes suppliers and distributors with factory-trained technicians, certified to install, repair, and maintain Cummins's products. SCBB further alleges that one such supplier and distributor is Holcomb. Holcomb performed maintenance and annual inspections on SCBB's bus at Holcomb's location in Sioux City, Iowa.

On February 28, 2003, Cummins issued a recall notice for SCBB's bus concerning its upper and lower alternator support braces/brackets, manufactured by Cummins. Under Cummins's recall notice, a new lower alternator support brace/bracket (part number 3942821), and a new, updated upper alternator support brace/bracket (part number 3955179), were to be installed on the bus. SCBB alleges that the recall notice was issued because the bus's alternator support brace/brackets were known to be faulty, causing the alternator to drop or shift onto other engine components and start a fire. SCBB states that it was never notified of this product recall by Cummins. SCBB further alleges that Cummins notified Holcomb of the product recall in 2003.

On June 23, 2008, SCBB brought the bus to Holcomb's Sioux City location for maintenance because the vehicle would not start. SCBB alleges that, while inspecting the bus, Holcomb viewed sparks around the vicinity of the alternator. It is alleged that Holcomb discovered that the alternator's bottom brace/bracket was broken, and that the alternator was "shorting out" on the oil filter. Petition and Jury Demand, Docket no. 3. p. 3. SCBB alleges that because of these problems, Holcomb replaced the alternator on the bus, replaced the bottom alternator brace/bracket, and installed a new oil filter. However, the bus's top alternator support brace/bracket was never replaced. SCBB alleges that it was charged $1,035.30 by Holcomb for these repairs, even though Cummins's recall notice required replacement of both the upper and lower alternator braces/brackets on the

2

bus — free of charge. SCBB states that at no time did Holcomb inform SCBB of Cummins's recall notice.

On July 28, 2009, SCBB alleges that the upper alternator support brace/bracket on the bus fractured causing the bus's alternator to fall and strike the oil filter, resulting in a two inch laceration on the filter casing. This laceration, SCBB believes, started a vehicle fire that resulted in the total loss of the bus, worth approximately $67,972.50.

In Count I, SCBB claims that, as a result of the defendants' negligence and carelessness, it suffered damages. In Count II, SCBB claims that the bus manufactured and/or supplied by the defendants was defective in design/formulation or manufacture. In Count III, SCBB claims strict liability against the defendants for failure to warn of the defective conditions and risks associated with the bus. SCBB claims that such defects were known or reasonably knowable to the defendants and not known by SCBB. In Count IV, SCBB claims breach of implied or express warranty against the defendants, in that the defendants impliedly or expressly warranted to SCBB that the bus was safe and fit for use. SCBB reasonably relied on this implied or express warranty in using the bus and suffered damages as a result of its use. In Count V, SCBB claims that Holcomb breached its contractual duties by failing to perform the repairs and inspection of the bus in a reasonable workmanlike manner, and as a direct and proximate result of the breach, the bus caught fire and was destroyed. Overall, SCBB claims that "the amount in controversy exceeds the jurisdictional limit of this Court, exclusive of costs and interest, because [SCBB] seeks damages in excess of $70,000."[1] Petition and Jury Demand, Docket no. 3, p. 3.

---

[1] The court notes that SCBB was prevented from stating a specific amount of monetary damages in its Petition filed in Iowa district court by Iowa Rule of Civil Procedure 1.403.

On February 2, 2011, the defendants removed this action to this federal court on the ground of diversity of citizenship, pursuant to 28 U.S.C. § 1441(a). In the Defendants' Notice Of Removal To Federal Court (Docket no. 2), the defendants assert that, it is "apparent from the Petition that the amount in controversy exceeds $75,000 exclusive of interest and costs." Defendants' Notice Of Removal To Federal Court, Docket no. 2, p. 2. Accordingly, the defendants allege that the amount in controversy exceeds the jurisdictional requirement established in 28 U.S.C. § 1332.

On February 14, 2011, SCBB filed its Plaintiff's Resistance To Defendants' Removal To Federal Court (Docket no. 8) in which it seeks a remand of this case to state court, asserting an insufficient amount in controversy. In its motion to remand, SCBB contends that,

> Plaintiff's Petition at Law filed in the Woodbury County District Court alleges damages in excess of $70,000. The Plaintiff's Petition in no way requests an amount in damages in excess of $75,000.

Plaintiff's Resistance To Defendants' Removal To Federal Court, Docket no. 8, p. 1. Thus, SCBB seeks to have this case remanded to the Iowa District Court for Woodbury County, Iowa, for lack of federal subject matter jurisdiction, owing to an insufficient amount in controversy.

On February 28, 2011, Cummins filed Suggestions In Opposition To Plaintiff's Motion To Remand (Docket no. 11). Cummins argues that SCBB has included no facts, affidavits, or other information in support of its remand motion. *Id.* at 2. Furthermore, Cummins points out that SCBB makes a statement in its Petition that the damages in this case exceed $70,000. Cummins argues that this statement, "together with the facts and requests for relief alleged in [SCBB's] petition, proves by a preponderance of the evidence that the damages in this case might exceed $75,000." *Id.* at 3.

4

## II. LEGAL ANALYSIS

Federal district courts have always been courts of limited jurisdiction. *See Marbury v. Madison*, 5 U.S. (1 Cranch) 137, 2 L. Ed. 60 (1803), U.S. CONST., Art. III, § 1. "Federal courts are not courts of general jurisdiction and have only the power that is authorized by Article III of the Constitution and the statutes enacted by Congress pursuant thereto." *Marine Equip. Management Co. v. United States*, 4 F.3d 643, 646 (8th Cir. 1993). This court must be satisfied that the threshold requirement of subject matter jurisdiction has been satisfied.

### *A. Standards And Procedures Of Removal Jurisdiction*

In *McCorkindale v. American Home Assur. Co./A.I.C.*, 909 F. Supp. 646 (N.D. Iowa 1995), this court summarized the principles applicable to a motion to remand as follows: (1) the party seeking removal and opposing remand bears the burden of establishing federal subject matter jurisdiction; (2) a fundamental principle of removal jurisdiction is that whether subject matter jurisdiction exists is a question answered by looking to the complaint as it existed at the time the petition for removal was filed; (3) lack of subject matter jurisdiction requires remand to the state court under the terms of 28 U.S.C. § 1447(c); (4) the court's removal jurisdiction must be strictly construed; therefore, (5) the district court is required to resolve all doubts about federal jurisdiction in favor of remand; and, finally, (6) in general, remand orders issued under 28 U.S.C. § 1447(c) are not reviewable by appeal or writ of mandamus. *McCorkindale*, 909 F. Supp. at 650.

In *McCorkindale*, in addition to the general principles articulated above, this court considered the proper standards for determining the amount in controversy when a state court rule — such as Rule 1.403 of the Iowa Rules of Civil Procedure — prohibits the

5

pleading of a specific amount in controversy: instead of the "legal certainty" test,[2] the defendant is required to prove by a preponderance of the evidence that the amount in controversy exceeds the jurisdictional amount. *McCorkindale*, 909 F. Supp. at 651-53; *see Bell v. Hershey Co.*, 557 F.3d 953, 956 (8th Cir. 2009) (noting that "[w]here the defendant seeks to invoke federal jurisdiction through removal, however, it bears the burden of proving that the jurisdictional threshold is satisfied."); *see also James Neff Kramper Family Farm P'ship*, 393 F.3d 828, 831 (8th Cir. 2005) (noting that the rule that the party invoking federal jurisdiction must prove the requisite amount by a preponderance of the evidence "applies even in removed cases where the party invoking jurisdiction is the defendant."); *Onepoint Solutions, L.L.C. v. Borchert*, 486 F.3d 342, 349 (8th Cir. 2007) (noting that the party invoking jurisdiction "has the burden of proving the requisite amount by a preponderance of the evidence."). This court also outlined the process for determining the amount in controversy in such cases: first, the court must determine whether the complaint is removable on its face; and second, if the complaint is not removable on its face, the court must provide the parties with the opportunity to satisfy the court as to the amount in controversy. *McCorkindale*, 909 F. Supp. at 653-55.

---

[2]The "legal certainty" test states that, when an amount in excess of the jurisdictional amount was originally pleaded,

> if, from the face of the pleadings, it is apparent, to a legal certainty, that the plaintiff cannot recover the amount claimed, or if, from the proofs, the court is satisfied to a like certainty that the plaintiff never was entitled to recover that amount, and that his claim was therefore colorable for the purpose of conferring jurisdiction, the suit will be dismissed.

*St. Paul Mercury Indemnity Co. v. Red Cab Co.*, 303 U.S. 283, 289 (1938).

## B. Application Of Standards and Procedures

Turning to the first part of the applicable analysis, the court finds that, on its face, the Petition in question provides little, if any, insight into the amount in controversy. *Accord McCorkindale*, 909 F. Supp. at 655 (because Iowa law forbade pleading any amount in controversy, except an amount in excess of the jurisdictional amount in state court, "the allegations of actual damages on the face of the complaint provide the court with no basis for determining the amount of actual damages in question."). Therefore, the court finds that the Petition is not removable on its face, and moves to the second prong of the analysis: providing the parties with the opportunity to satisfy the court as to the amount in controversy. *Id*.

Here, SCBB has already made a post-removal stipulation, stating "the Plaintiff will not be requesting damages of $75,000 or greater as damages in the litigation, exclusive of interest and costs." Plaintiff's Resistance To Defendants' Removal To Federal Court, Docket no. 8, p. 1. Cummins, in response, filed its Suggestions In Opposition to Plaintiff's Motion To Remand (Docket no. 11), and argues that SCBB "provides no support for its motion to remand, and its attempts to limit damages to just below the jurisdictional threshold is both insufficient and invalid." *Id*. at 2. Cummins further argues that the court must "evaluate the propriety of removal at the time of removal, which in this case is based solely upon [SCBB]'s Petition." *Id*. at 3. Since in the Petition, SCBB explicitly states "Plaintiff seeks damages in excess of $70,000" (Docket no. 3, p. 3), Cummins concludes that this statement, along with the facts and requests for relief, "proves by a preponderance of the evidence that the damages in this case might exceed $75,000." Suggestions In Opposition to Plaintiff's Motion To Remand, Docket no. 11, p. 3 (citing *Bell v. Hershey*, 557 F.3d 953, 959 (8th Cir. 2009) (holding that "[u]nder the preponderance standard, '[t]he jurisdictional fact . . . is not whether the damages are

7

greater than the requisite amount, but whether a fact finder might legally conclude that they are.'") (quoting *Kopp v. Kopp*, 280 F.3d 883, 885 (8th Cir. 2002)).

In *Halsne v. Liberty Mutual Group*, 40 F. Supp.2d 1087 (N.D. Iowa 1999), this court found that where a plaintiff's state court complaint does not specify a specific amount of damages, post removal stipulations indicating that the value of the claim at the time of removal did not exceed the jurisdictional minimum were permissible. In *Halsne*, this court stated,

> [c]onsideration of such a "clarifying" stipulation is in accord with the fundamental principle of removal jurisdiction that whether subject matter jurisdiction exists is a question answered by looking to the complaint as it existed at the time the petition for removal was filed, as well as the further principles that the court's removal jurisdiction must be strictly construed, and that the court is required to resolve all doubts about federal jurisdiction in favor of remand. *McCorkindale*, 909 F. Supp. at 650. As such, it is not only permissible for the court to consider the stipulation, but for the court to find on the basis of the stipulation that removal never attached, because this court never had subject matter jurisdiction owing to lack of sufficient amount in controversy.

*Id*. at 1092.

As recognized previously, SCBB's Petition does not state a specific amount of damages, instead, it alleges "damages in excess of $70,000." Petition and Jury Demand, Docket no. 3, p. 3. Such an ambiguous Petition, on its face, does not exceed the jurisdictional minimum of $75,000. Thus, a post-removal stipulation may be considered to clarify rather than amend the original Petition. *See Halsne*, 40 F.Supp.2d 1087 at 1092; *Meritcare, Inc. v. St. Paul Mercury Ins. Co.*, 166 F.3d 214, 223 (3d Cir. 1999); *St. Paul Reinsur. Co., Ltd. v. Greenberg*, 134 F.3d 1250, 1254 n. 18 (5th Cir. 1998); *Chase v. Shop 'N Save Warehouse Foods, Inc.*, 110 F.3d 424, 429 (7th Cir. 1997); *Dyrda v. Wal-*

8

*Mart Stores, Inc.*, 41 F.Supp.2d 943, 946, 949 (D.Minn. 1999); *Midkiff v. Hershey Chocolate U.S.A.*, 1 F.Supp.2d 593, 594 (E.D.La.1997); *Walters v. American Family Mutual Ins. Co.*, Not Reported in F.Supp.2d, 2006 WL 461073 (W.D.Mo. Feb. 24, 2006).

Notably, SCBB has filed a post-removal stipulation in this case,

> [t]he Plaintiff's Petition in no way requests an amount in damages in excess of $75,000. Moreover, the Plaintiff will not be requesting damages of $75,000 or greater as damages in the litigation, exclusive of interest and costs.

Plaintiff's Resistance To Defendants' Removal To Federal Court, Docket no. 8, p. 1. Such a post-removal stipulation is being offered not as an attempt to reduce the original amount of damages sought, but rather to clarify the value of SCBB's claims in the range of $70,000 - $75,000. Although the defendants argue that the damages in the case might exceed $75,000, the court finds SCBB's post-removal stipulation reasonable in light of the fact that the bus's value was approximately $67,972.50. *See* Petition and Jury Demand, Docket no. 3, p. 3. As a result, the court finds that the defendants have failed to meet their burden of proving, by a preponderance of the evidence, that the matter in controversy exceeds the sum or value of $75,000. *See Bell,* 557 F.3d at 956; *see also Wilkinson v. Shackelford*, 478 F.3d 957, 964 (8th Cir. 2007) ("All doubts about federal jurisdiction should be resolved in favor of remand to state court."). Therefore, the court finds that it does not have subject matter jurisdiction, resulting from an insufficient amount in controversy. Consequently, this case was improperly removed and SCBB's Motion to Remand is granted.

### *III. CONCLUSION*

The court concludes that the defendants have not established that, at the time of removal, the amount in controversy exceeded $75,000. Therefore, the court holds, on the basis of SCBB's post-removal stipulation, that it does not have subject matter jurisdiction, owing to an insufficient amount in controversy. This case was improvidently removed, *see* 28 U.S.C. § 1447(c), and SCBB's Motion To Remand is **granted**. This case is remanded to the Iowa District Court for Woodbury County, Iowa.

**IT IS SO ORDERED.**

**DATED** this 13th day of April, 2011.

                                  _____
                                  MARK W. BENNETT
                                  U. S. DISTRICT COURT JUDGE
                                  NORTHERN DISTRICT OF IOWA